IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| SHPETIM KONCI, #41710-424 | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:14cv134 |
| | § | CRIMINAL ACTION NO. 4:09cr193(3) |
| UNITED STATES OF AMERICA | § | |

**MEMORANDUM OPINION AND ORDER**

Movant Shpetim Konci, a prisoner confined at Moshannon Valley Correctional Institution in Philipsburg, Pennsylvania, proceeding with the assistance of counsel, filed the above-styled and numbered motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255.

**I. BACKGROUND**

On June 28, 2005, the Chicago, Illinois, office of the Federal Bureau of Investigation (FBI) initiated an investigation targeting an Albanian Organized Crime (AOC) group headed by Astrit Bekteshi. The Bekteshi organization was identified as a highly organized drug distribution organization dealing with hydroponic marijuana, ecstasy, and cocaine. The marijuana and ecstasy were obtained, in part, from a Chinese Organized Crime group in Vancouver, Canada, then smuggled into the United States. Early in the investigation of the Bekteshi Organization, agents learned that the group was obtaining cocaine from suppliers in Texas, and possibly, California and Florida. Shpetim Konci (Movant) was identified as Bekteshi's "right-hand man," and was found to be directly involved in the illegal drug transactions. Movant was charged by Indictment on October 15, 2009.

On March 11, 2013, the district court sentenced Movant to 151 months' imprisonment after

he pleaded guilty pursuant to a written plea agreement to conspiracy to possess with intent to distribute cocaine, heroin, 3,4 methylenedioxymethamphetamine (ecstasy), or marijuana, in violation of 18 U.S.C. § 846. On January 20, 2014, the United States Court of Appeals for the Fifth Circuit dismissed the appeal as frivolous pursuant to *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed.2d 493 (1967). *Konci v. United States*, 552 F. App'x 364, 365 (5th Cir. 2014). Movant filed the instant motion on March 7, 2014. On July 1, 2015, the district court reduced his sentence to 121 months' imprisonment pursuant to 18 U.S.C. § 3582( c)(2).

In his § 2255 motion, Movant claims that he is entitled to relief because his counsel was ineffective. Specifically, Movant asserts that his trial counsel induced him to enter his guilty plea by (1) promising an 87-month sentence; (2) promising a safety valve reduction, and (3) promising a reduction for substantial assistance (5K reduction). Movant also claims that his guilty plea was involuntary because he suffered from cognitive and language deficiencies. Finally, he complains that the Government breached the plea agreement by failing to file for a reduction in sentence. Movant did not file a Reply.

## II. § 2255 PROCEEDINGS

As a preliminary matter, it should be noted that a § 2255 motion is "fundamentally different from a direct appeal." *United States v. Drobny*, 955 F.2d 990, 994 (5th Cir. 1992). A movant in a § 2255 proceeding may not bring a broad-based attack challenging the legality of the conviction. The range of claims that may be raised in a § 2255 proceeding is narrow. A "distinction must be drawn between constitutional or jurisdictional errors on the one hand, and mere errors of law on the other." *United States v. Pierce*, 959 F.2d 1297, 1300-01 (5th Cir. 1992). A collateral attack is limited to alleging errors of "constitutional or jurisdictional magnitude." *United States v. Shaid*, 937

F.2d 228, 232 (5th Cir. 1991).

## III.  WAIVER IN MOVANT'S GUILTY PLEA

The Fifth Circuit has upheld the informed and voluntary waiver of post-conviction relief in *United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994).  In *United States v. Henderson*, 72 F.3d 463, 465 (5th Cir. 1995), the Fifth Circuit held that a waiver may not be enforced against a § 2255 movant who claims that ineffective assistance of counsel rendered that waiver unknowing or involuntary.  In *United States v. White*, 307 F.3d 336 (5th Cir. 2002), the Fifth Circuit held that an ineffective assistance of counsel claim raised in a § 2255 proceeding survives a waiver only when the claimed assistance directly affected the validity of that waiver or the plea itself.  More recently, the Fifth Circuit noted that it has upheld § 2255 waivers except for when there is an ineffective assistance of counsel claim that affects the validity of that waiver or the plea itself or when the sentence exceeds the statutory maximum.  *United States v. Hollins*, 97 F. App'x 477, 479 (5th Cir. 2004).

**Signed Plea Agreement**

A review of the record shows that Movant signed a plea agreement containing the following waiver provision:

> Except as otherwise provided herein, the defendant expressly waives the right to appeal the conviction, sentence, fine and/or order of restitution or forfeiture in this case on all grounds.  The defendant further agrees not to contest the conviction, sentence, fine and/or order of restitution in any post-conviction proceeding, included, but not limited to a proceeding under 28 U.S.C. § 2255.  The defendant, however, reserves the right to appeal the following: (a) any punishment imposed in excess of the statutory maximum and (b) a claim of ineffective assistance of counsel that affects the validity of the waiver or the plea itself.

It also states:

> I have read or had read to me this Plea Agreement. I have carefully reviewed every part of it with my attorney. I fully understand it and voluntarily agree to it.

Additionally, the plea agreement states:

> The defendant has thoroughly reviewed all legal and factual aspects of this case with defense counsel and is fully satisfied with defense counsel's legal representation. The defendant has received satisfactory explanations from defense counsel concerning each paragraph of this Agreement, each of the defendant's rights affected thereby, and the alternatives to entering a guilty plea. After conferring with counsel, the defendant concedes guilt and has concluded that it is in the defendant's best interest to enter this Agreement rather than proceeding to trial.

Finally, Movant stated in his plea agreement that the "plea of guilty is freely and voluntarily made and is not the result of force, threats, or promises other than those set forth in this Agreement." Consequently, any allegation that the guilty plea was not knowingly or voluntarily made is contradicted by Movant's signed plea agreement.

**Plea Hearing**

A review of the record shows that, at Movant's change of plea hearing, held on November 15, 2011, Movant said:

1. His plea was voluntary, and he was pleading guilty because he was, indeed, guilty;
2. He understood the charges against him and the elements of the charge;
3. He understood the sentencing range;
4. He understood that the sentence would be no less than ten years and no more than life imprisonment;
5. He understood how the Sentencing Guidelines might apply to his case;
6. He understood the rights he was waiving by pleading guilty;

7. He was not under the influence of drugs or alcohol that affected his mental capabilities;

8. His guilty plea was voluntary, and not the produce of any force, threat, or promise;

9. He discussed the facts and the defenses of his case with counsel and is satisfied that counsel fully considered his case;

10. He affirmed that the written plea agreement contained the entire agreement concerning his plea of guilty;

11. He read the entire agreement, discussed it with counsel, and translated it into his native language, if necessary;

12. He agreed to the three stipulations listed in the plea agreement:

    a. The defendant admits he conspired to distribute or possess with the intent to distribute more than 15 kilograms but less than 50 kilograms of a mixture containing cocaine;

    b. The defendant acknowledges he should not receive a minor or mitigating role adjustment pursuant to United States Sentencing Guidelines Section 3B1.2; and

    c. A reduction of two levels for acceptance of responsibility under U.S.S.G. §3E1.1 applies; however, this stipulation is subject to recommendation of the United States Probation Office. **If circumstances indicating that the defendant has not accepted responsibility become known after execution of this Agreement, this stipulation is void and the defendant may object to the failure of the Presentence Report to recommend the reduction. The government WILL NOT request to decrease the offense level by <u>one</u> additional level in accordance with U.S.S.G. § 3E1.1(b) because it was determined in the competency evaluation that the defendant was malingering**;

13. He read the factual statement, translated it into his native language, if necessary, and discussed it fully with counsel, and agreed to everything contained in it;

14. He was fully competent to understand the charge against him and plead guilty; and

15. He was fully satisfied with the representation of his counsel.

*See* Transcript of Change of Plea Hearing, (dkt #342).

The court admonished Movant as to the charges against him. The court further explained the rights Movant was giving up by pleading guilty to a felony. Movant stated that he understood the rights that he was waiving. He also said that there had been no other promises made to him or threats against him leading him to plead guilty. He said that he was pleading guilty voluntarily, of his own free will, because he is guilty of the crime charged. Formal declarations in open court carry with them a strong presumption of truth. *Blackledge v. Allison*, 431 U.S. 63, 74, 97 S. Ct. 1621, 1629, 52 L. Ed.2d 136 (1977). Although a defendant's attestation of voluntariness at the time of the plea is not an absolute bar to later contrary contentions, it places a heavy burden upon him. *United States v. Diaz*, 733 F.2d 371, 373-74 (5th Cir. 1984).

Movant fails to show that, but for trial counsel's advice, he would have taken his chances at trial. Conclusory allegations and bald assertions are insufficient to support the motion. *Ross v. Estelle,* 694 F.2d 1008, 1012 (5th Cir. 1983) ("absent evidence in the record, a court cannot consider a habeas petitioner's bald assertions on a critical issue in his *pro se* petition (in state and federal court), unsupported and unsupportable by anything else contained in the record, to be of probative evidentiary value"); *United States v. Woods*, 870 F.2d 285, 288 (5th Cir. 1989); *Schlang v. Heard*, 691 F.2d 796, 799 (5th Cir. 1982). The Fifth Circuit has held that a defendant's testimony at the plea colloquy that no one attempted in any way to force him to plead guilty carries a strong presumption of verity. *United States v. Abreo*, 30 F.3d 29, 31 (5th Cir. 1994). In cases where the record establishes that the defendant understood the nature of the charge against him and the direct

consequences of his act, the rudimentary demands of a fair proceeding and a knowing, voluntary plea are satisfied. *Wright v. United States*, 624 F.2d 557, 561 (5th Cir. 1980).

**Consent to Administration of Guilty Plea**

Additionally, on November 15, 2011, Movant signed a Consent to Administration of Guilty Plea. In the consent, Movant stated that he understood his trial rights, and that by pleading guilty, he knew he was giving up those rights – except for the right to counsel. Movant understood that by pleading guilty, his immigration status may be affected and may lead to deportation. He affirmed that he understood that the court will consult the Sentencing Guidelines in assessing a sentence, but understood that the court is not bound by the guidelines. He stated that he understood that, although he may have been given an estimate of punishment, it is only an estimate, and that his punishment could be increased based on various factors. Movant affirmed that he was aware that the court is not bound by any agreements between himself and the Government. He also understood that only the United States District Judge will determine his sentence.

Furthermore, Movant stated that he was making his plea of guilty freely, and was not forced to plead guilty. He affirmed that no promises had been made to him other than what was contained in the plea agreement. He stated that he was making the plea of guilty because he was guilty. Movant said he fully understood the charges, including the statutory minimum and maximum penalties, as well as terms related to supervised release, special assessments, forfeiture, and restitution. He said that he fully understood the plea agreement and has no reservations or questions concerning it.

Movant stated that he understood his appeal rights and that those rights could be limited by the terms of his plea agreement. He said that he realized that he may not appeal his plea of guilty

or withdraw his plea of guilty if his sentence is greater than what he originally believed or what was told to him by counsel. He represented that he was not under the influence of any substances or medications and that he was fully competent to enter a plea before the court. He also said that if he had any questions, he knew he could freely consult with his attorney. Movant represented that he was fully satisfied with his attorney's representation. He affirmed that the Factual Statement that he signed was true and correct, and that he had reviewed it and found no material errors in what he represented to the court. He understood that his statements made in the consent were made under the penalty of perjury. Any allegation that the plea was not knowingly or voluntarily made is contradicted by Movant's signed consent.

**Findings of Facts**

Additionally, the magistrate court entered Findings of Facts on November 15, 2011. Based on the hearing in which Movant pleaded guilty, the court found that Movant knowingly and voluntarily consented to the administration of the Guilty Plea and Allocution. It further found that Movant was fully competent and capable of entering an informed plea, that he was aware of the nature of the charges and the consequences of the plea, and that the plea of guilty was knowingly and voluntarily made, supported by an independent basis in fact containing each of the essential elements of the offense. Any allegation that the guilty plea was not knowingly or voluntarily made is further contradicted by the Findings of Facts.

**Factual Statement**

Finally, Movant signed a Factual Statement. In it, he admitted that he and one or more persons made an agreement to distribute or possess controlled substances with the intent to distribute them. He knew the unlawful purpose of the agreement, but joined in it with the intent to further it.

He specifically conceded to participating in the following acts, among others:

> Beginning in or about 2005, and continuing until in or about 2009, Movant conspired with others to distribute or possess with intent to distribute at least 15 kilograms but less than 50 kilograms of a mixture or substance containing cocaine in the Eastern District of Texas and elsewhere.
>
> In or about June of 2008, Movant and others conspired to purchase cocaine.
>
> On June 5, 2008, $285,000 United States currency related to Movant and others was seized by law enforcement. This currency was intended for investment in cocaine.
>
> On July 1, 2008, Movant and others met to discuss purchases of cocaine from a Dallas, Texas source.

In sum, Movant fails to show that he did not understand the nature of a constitutional protection that he was waiving or that he had "such an incomplete understanding of the charges against him that this plea cannot stand as an admission of guilt." *James v. Cain*, 56 F.3d 662, 666 (5th Cir. 1995). In light of the waiver contained in Movant's knowing and voluntary plea agreement, for the court to consider his claims, Movant must allege that his sentence exceeds the statutory maximum or that ineffective assistance of counsel affects the validity of his waiver or plea itself. Movant does not allege that his sentencing exceeds the statutory maximum. However, because Movant's ineffective assistance of counsel claims could arguably affect the validity of the waiver and plea itself, the court will examine them.

### IV. INEFFECTIVE ASSISTANCE OF COUNSEL

Movant asserts that his guilty plea was involuntary based on trial counsel's ineffectiveness.

**Legal Standard**

A movant who seeks to overturn his conviction on the grounds of ineffective assistance of counsel must prove his entitlement to relief by a preponderance of the evidence. *James*, 56 F.3d at

667. In order to succeed on a claim of ineffective assistance of counsel, a movant must show that "counsel's representation fell below an objective standard of reasonableness," with reasonableness judged under professional norms prevailing at the time counsel rendered assistance. *Strickland v. Washington*, 466 U.S. 668, 688, 104 S. Ct. 2052, 2065, 80 L. Ed.2d 864 (1984). The standard requires the reviewing court to give great deference to counsel's performance, strongly presuming counsel exercised reasonable professional judgment. *Id.*, 466 U.S. at 690, 104 S. Ct. at 2066. The right to counsel does not require errorless counsel; instead, a criminal defendant is entitled to reasonably effective assistance. *Boyd v. Estelle*, 661 F.2d 388, 389 (5th Cir. 1981); *Rubio v. Estelle,* 689 F.2d 533, 535 (5th Cir. 1982); *Murray v. Maggio*, 736 F.2d 279 (5th Cir. 1984).

Secondly, the movant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068. Movant must "affirmatively prove," not just allege, prejudice. *Id.,* 466 U.S. at 693, 104 S. Ct. at 2067. If he fails to prove the prejudice component, the court need not address the question of counsel's performance. *Id.*, 466 U.S. at 697, 104 S. Ct. at 2069.

The duty of defense counsel to a defendant who desires to enter a plea of guilty is to ascertain that the plea is voluntarily and knowingly made. *Diaz*, 733 F.2d at 376. The two-prong test *Strickland* test applies to cases involving guilty pleas. *Hill v. Lockhart*, 474 U.S. 52, 57, 106 S. Ct. 366, 370, 88 L. Ed.2d 203 (1985). A movant must show that he did not understand the nature of a constitutional protection he was waiving or that he had "such an incomplete understanding of the charges against him that this plea cannot stand as an admission of guilt." *James*, 56 F.3d at 666. Thus, if a defendant understands the nature of the charges against him and the consequences of his

plea, yet voluntarily chooses to plead guilty, the plea must be upheld on federal review. *Diaz v. Martin*, 718 F.2d 1372, 1376-77 (5th Cir. 1983).

If a Movant challenges his guilty plea, there must be independent indicia of the likely merit of his contentions, and mere contradictions of his statements at the guilty plea will not carry his burden. *Davis v. Butler*, 825 F.2d 892, 894 (5th Cir. 1987). The validity of a guilty plea is a question of law and will be upheld on habeas review if entered into knowingly, voluntarily, and intelligently. *Montoya v. Johnson*, 226 F.3d 399, 404 (5th Cir. 2000).

The Fifth Circuit has held that, when a defendant pleads guilty on the basis of a promise by his trial counsel or the prosecutor, whether or not such promise is capable of being fulfilled, breach of that promise taints the voluntariness of the plea. *Smith v. Blackburn*, 785 F.2d 545, 548 (5th Cir. 1986). To establish this, Movant must show (1) the exact terms of the alleged promise, (2) exactly when, where, and by whom the promise was made, and (3) the precise identity of any eyewitness to the promise. *United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998). If Movant produces an independent indicia of the likely merits of his allegations, typically in the form of one or more affidavits from reliable third parties, he is entitled to an evidentiary hearing on the issue. *Id*. However, if his showing is inconsistent with the bulk of his conduct or otherwise fails to meet his burden of proof in light of other evidence in the record, an evidentiary hearing is unnecessary. *Id*. Conclusory claims are insufficient to entitle a habeas corpus petitioner to relief. *Ross*, 694 F.2d at 1011; *Woods*, 870 F.2d at 288; *Schlang*, 691 F.2d at 799.

**Discussion**

Here, Movant claims that his plea was involuntary because it was the product of his trial counsel's ineffectiveness. Specifically, Movant asserts that his attorney induced him to plead guilty

based on several unkept promises and because he suffered from cognitive and language deficiencies, resulting in an involuntary plea of guilty.

***Recommendation for 87-month Sentence***

Movant contends that his trial counsel told him that the Government had promised to recommend a sentence of 87 months in exchange for his guilty plea. However, he fails to present any evidence, from the record or otherwise, to show exactly when and where this promise was made, the exact terms of the promise, and any witnesses to the promise. *Cervantes*, 132 F.3d at 1110. To the contrary, the record shows that Movant understood that he faced a statutory minimum sentence range of ten years - 120 months. Furthermore, Movant stated that there were no agreements inducing him to plead guilty other than those terms contained in the written plea agreement. He also said that he understood that the sentence assessed could differ from any estimate given by his counsel or the Government. The record shows that Movant understood the final sentence was solely within the discretion of the court. Movant has provided nothing but his conclusory allegation that his plea was involuntary or unknowing. Conclusory claims are insufficient to entitle a habeas corpus petitioner to relief. *Ross*, 694 F.2d at 1011; *Woods*, 870 F.2d at 288; *Schlang*, 691 F.2d at 799. Movant fails to show deficient performance or that there is a reasonable probability that, but for counsel's alleged unprofessional errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068. This issue is without merit.

***Safety-Valve Reduction***

Movant next claims that counsel was ineffective for promising he would receive a safety-valve reduction. However, he fails to present any evidence, from the record or otherwise, to show exactly when and where this promise was made, the exact terms of the promise, and any witnesses

to the promise. *Cervantes*, 132 F.3d at 1110. Conclusory claims are insufficient to entitle a habeas corpus petitioner to relief. *Ross*, 694 F.2d at 1011; *Woods*, 870 F.2d at 288; *Schlang*, 691 F.2d at 799. Movant fails to show deficient performance or that there is a reasonable probability that, but for counsel's alleged unprofessional errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068. For the same reasons stated immediately above, this issue is without merit.

### *5K Reduction - Substantial Assistance*

Movant also claims that counsel was ineffective for promising that he would receive a "5K" reduction. However, he fails to present any evidence, from the record or otherwise, to show exactly when and where this promise was made, the exact terms of the promise, and any witnesses to the promise. *Cervantes*, 132 F.3d at 1110. The plea agreement did not contain a substantial assistance section, and the record shows that Movant understood that such a recommendation was entirely within the Government's discretion. Furthermore, Assistant United States Attorney Heather H. Rattan confirmed that Movant had not provided any substantial cooperation warranting a reduction in sentence. Conclusory claims are insufficient to entitle a habeas corpus petitioner to relief. *Ross*, 694 F.2d at 1011; *Woods*, 870 F.2d at 288; *Schlang*, 691 F.2d at 799. Movant fails to show deficient performance or that there is a reasonable probability that, but for counsel's alleged unprofessional errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068. This issue is without merit.

### *Cognitive and Language Deficiencies*

Movant claims that his plea was involuntary because he suffered from cognitive and language deficiencies. He asserts that "he was entirely dependent upon the representations and

recommendations of his counsel in deciding whether to plead or proceed towards trial." Specifically, Movant complains that when he entered his plea, "he did not understand that he was pleading to an offense with a statutory ten year minimum mandatory sentence."

A review of the record shows that an interpreter was present at the change of plea hearing to provide translation, if necessary. It also reflects that Movant understood and spoke English. The record shows that the plea agreement specifically outlined a ten-year minimum mandatory sentence. Furthermore, the transcript from Movant's plea hearing reflects that he said that he understood that he was facing a ten-year minimum mandatory sentence. Additionally, counsel for Movant said that he spent hours reviewing and explaining each paragraph of the plea agreement with Movant.

Furthermore, after three separate psychological examinations, each expert determined that Movant was competent to stand trial. Movant was found to be malingering when he said he could not remember his background and did not understand the proceedings because of a traumatic head wound received years earlier while he was still in Albania.

Movant said he was pleading guilty knowingly and voluntarily, and that he was fully satisfied with his counsel's representation. Formal declarations in open court carry with them a strong presumption of truth. *Allison*, 431 U.S. at 74, 97 S. Ct. at 1629. Although a defendant's attestation of voluntariness at the time of the plea is not an absolute bar to later contrary contentions, it places a heavy burden upon him. *Diaz*, 733 F.2d at 373-74.

Movant fails to prove that he was given deficient or misleading advice or that he was induced into pleading guilty. Thus, he cannot show that, but for trial counsel's advice, he would have taken his chances at trial. Conclusory allegations and bald assertions are insufficient to support the motion. *See Ross*, 694 F.2d at 1011; *Joseph v. Butler*, 838 F.2d 786, 788 (5th Cir. 1988). The Fifth Circuit

has held that a defendant's testimony at the plea colloquy that no one attempted in any way to force him to plead guilty carries a strong presumption of verity. *Abreo*, 30 F.3d at 31. In cases where the record establishes that the defendant understood the nature of the charge against him and the direct consequences of his act, the rudimentary demands of a fair proceeding and a knowing, voluntary plea are satisfied. *Wright*, 624 F.2d at 561.

Movant fails to show that, but for counsel's alleged errors, he would not have pleaded guilty and would have insisted on going to trial. *Hill,* 474 U.S. at 58-59, 106 S. Ct. at 370-71. A guilty plea must be upheld on habeas review if entered into knowingly, voluntarily, and intelligently. *Montoya*, 226 F.3d at 404. The court found that Movant, after consultation with counsel, knowingly and voluntarily pleaded guilty to the charges. It also found that Movant was fully competent and capable of entering an informed plea, that he was aware of the nature of the charges and the consequences of the plea, and that his guilty plea is a knowing and voluntary plea supported by an independent basis in fact containing each of the essential elements of the offenses. Any allegations that Movant's plea was not knowingly or voluntarily made are contradicted by his signed plea agreement, the plea hearing, the consent, the findings of fact, and the factual statement. Movant fails to show deficient performance or prejudice under the *Strickland* standard. *Strickland*, 466 U.S. at 688, 104 S. Ct. at 2065. He has provided nothing but conclusory claims, and the record refutes his claims. *Davis*, 825 F.2d at 894 (the petitioner must present an independent indicia of the likely merit of his content – mere contradictions of his statements at the guilty plea do not meet his burden). Without evidence in the record, his bald assertions present nothing for review. *Ross*, 694 F.2d at 1011; *Woods*, 870 F.2d at 288; *Schlang*, 691 F.2d at 799.

**Conclusion - Waiver in Movant's Guilty Plea and Ineffective Assistance of Counsel**

As discussed above, Movant knowingly and voluntarily pleaded guilty – he understood the elements of the crime, the minimum and maximum sentencing range, and the rights he was waiving by pleading guilty. He has not shown that he did not understand the nature of a constitutional protection that he was waiving or that he had "such an incomplete understanding of the charges against him that this plea cannot stand as an admission of guilt." *James*, 56 F.3d at 666. If a defendant understands the nature of the charges against him and the consequences of his plea, yet voluntarily chooses to plead guilty, the plea must be upheld on federal review. *Diaz*, 718 F.2d at 1376-77. Movant fails to show that counsel induced him to plead guilty or that ineffective assistance of counsel affected the validity of the waiver of the plea itself. He fails to show deficient performance or that there is a reasonable probability that, but for counsel's alleged unprofessional errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068.

### V. GOVERNMENT'S BREACH OF PLEA AGREEMENT

Finally, Movant claims that the Government breached the plea agreement by not recommending a reduction in sentence. Specifically, he asserts that he "submitted himself" to repeated debriefings and convinced a co-defendant to plead guilty. Movant contends that his assistance should have resulted in a motion for reduction in sentence.

First, the court notes that this claim is waived by Movant's knowing and voluntary plea. However, even if it was not waived, Movant fails to show that the Government breached the plea agreement. The record shows that the plea agreement does not contain a provision stating that the Government would recommend a reduction of sentence based on substantial assistance.

Additionally, there was no mention of assistance or cooperation at the plea hearing. The defendant bears the burden of demonstrating the underlying facts that establish the breach of a plea agreement by a preponderance of the evidence. *United States v. Cantu*, 185 F.3d 298, 304-05 (5th Cir. 1999). The court considers whether the Government's conduct was consistent with the defendant's reasonable understanding of the agreement. *United States v. Munoz*, 408 F.3d 222, 226 (5th Cir. 2005).

Movant fails to point to any evidence in the record or otherwise showing that the Government breached the plea agreement. At the plea hearing, and in his plea agreement, Movant states that there were no agreements or promises to induce him to plead guilty other than what was contained within the plea agreement itself. In sum, Movant fails to provide anything other than his own conclusory allegations in support of his claim. Without evidence in the record, his bald assertions present nothing for review. *Ross*, 694 F.2d at 1011; *Woods*, 870 F.2d at 288; *Schlang*, 691 F.2d at 799.

Additionally, to the extent that Movant may have intended for this issue to be couched as ineffective assistance of counsel affecting the validity of the waiver or plea itself, Movant also fails. He presents no evidence, from the record or otherwise, to show exactly when and where such a promise was made, the exact terms of the promise, and any witnesses to the promise. *Cervantes*, 132 F.3d at 1110. As discussed above, the plea agreement did not contain a substantial assistance section, and the record shows that Movant understood that such a recommendation was entirely within the Government's discretion. Conclusory claims are insufficient to entitle a habeas corpus petitioner to relief. *Ross*, 694 F.2d at 1011; *Woods*, 870 F.2d at 288; *Schlang*, 691 F.2d at 799. Movant fails to show deficient performance or that there is a reasonable probability that, but for counsel's alleged unprofessional errors, the result of the proceeding would have been different.

*Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068. This issue is without merit.

## VI. CONCLUSION

This court has concluded that Movant's guilty plea was a knowing and voluntary plea. It has also concluded that Movant's ineffective assistance of counsel claims do not affect the validity of the waiver or plea itself. Consequently, the issues raised in his § 2255 motion are waived. *Henderson*, 411 U.S. at 267, 93 S. Ct. at 1608 (a knowing and voluntary guilty plea waives all nonjurisdictional deprivations that occurred prior to the plea). Moreover, Movant fails to prove that there is a reasonable probability that, but for counsel's alleged unprofessional errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068. Additionally, Movant's issue concerning the breach of the plea agreement is barred from collateral review by his knowing and voluntary plea agreement. Alternatively, Movant fails to meet his burden of proof to establish that the Government breached the plea agreement or that counsel promised Movant that the Government would recommend a reduction. Finally, Movant fails to produce an independent indicia of the likely merits of his allegations; thus, he is not entitled to an evidentiary hearing. *Cervantes*, 132 F.3d at 1110. Accordingly, it is

**ORDERED** that the motion to vacate, set aside or correct sentence is **DENIED** and Movant's case is **DISMISSED** with prejudice. It is further

**ORDERED** that all motions not previously ruled on are hereby **DENIED**.
**SIGNED this 3rd day of February, 2016.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE

18